IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01745-NYW-NRN

ISAAC ARYEE,

Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,
DETECTIVE TED BINET, SHIELD NO. 00058,
INVESTIGATOR JEFF CARROLL, NO. DA54,
INVESTIGATOR JEFFREY G. WATTS, NO. DA37,
INVESTIGATOR LARRY ADKISSON, NO. DA57,
DEPUTY DISTRICT ATTORNEY SIMONE MONTOYA,

Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANTS CITY AND COUNTY OF DENVER AND DETECTIVE TED BINET'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
(Dkt. #27)**

---

**N. Reid Neureiter
United States Magistrate Judge**

This 42 U.S.C. § 1983 civil rights case is before the Court pursuant to an Order (Dkt. #28) issued by Judge Nina Y. Wang referring Defendants City and County of Denver ("Denver") and Denver Police Detective Ted Binet's (collectively, "Denver Defendants")[1] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss"). (Dkt. #27.) Despite being granted significant extensions of time to file a

---

[1] Plaintiff also names as Defendants four employees of the Denver District Attorney's Office, but none of these individuals have been served.

response to the Motion to Dismiss (*see* Dkt. ##35 & 40), Plaintiff Victor Isaac Aryee, who now proceeds pro se,[2] failed to do so by the February 21, 2023 deadline.

The Court has taken judicial notice of the Court's file, considered the applicable Federal Rules of Civil Procedure and case law. As set forth below, the Court **RECOMMENDS** that the Motion to Dismiss (Dkt. #27) be **GRANTED**.

## LEGAL STANDARDS

**a. Rule 12(b)(6)**

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the

---

[2] Although attorney Paul Napoli was granted leave to provide limited scope representation when this case commenced, the Court granted Mr. Napoli's motion to withdraw on October 5, 2022. (*See* Dkt. #26.) Because Plaintiff's Complaint was drafted by counsel, the Court need not apply the liberal construction rule afforded to pro se litigants.

defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, the Court may consider documents incorporated by reference, documents referred to in the complaint that are central to the claims, and matters of which a court may take judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Publicly filed court records are subject to judicial notice. *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d

3

1169, 1172 (10th Cir. 1979); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); *Trusdale v. Bell*, 85 F. App'x 691, 693 (10th Cir. 2003).

### b. Qualified Immunity

In suits brought against officials in their individual capacities, officials may raise the defense of qualified immunity. *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985). The doctrine of qualified immunity protects government officials from individual liability in the course of performing their duties so long as their conduct does not violate clearly established constitutional or statutory right*s. Washington v. Unified Gov't of Wyandotte Cnty.*, 847 F.3d 1192, 1197 (10th Cir. 2017). Once a defendant has asserted a defense of qualified immunity, the burden shifts to the plaintiff who must establish that (1) the defendant violated a right, and (2) the right was clearly established. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). "In their discretion, courts are free to decide which prong to address first in light of the circumstances of the particular case at hand." *Weise v. Casper*, 593 F.3d 1163, 1167 (10th Cir. 2010) (quotation omitted).

A qualified immunity defense may be asserted in a Rule 12(b)(6) motion, although a motion for summary judgment under Rule 56 is the more common vehicle for asserting such defenses. *See Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004). In asserting a qualified immunity defense in their Rule 12(b)(6) motion, the Officer Defendants have set a higher bar for themselves; "a district court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Jensen*, 371 F.3d at 1202 (internal quotations and citations omitted). In sum,

4

asserting a defense of qualified immunity shifts the burden to the plaintiff, but doing so in the context of a 12(b)(6) motion materially lessens that burden.

## **BACKGROUND**[3]

In 2011, Plaintiff was convicted of several counts of sexual assault on a child, referred to herein as "KW." Defendant Binet was the investigating officer.

In 2018, Plaintiff hired an investigator who unearthed KW's Sierra Leone birth certificate, which showed that she was not a minor at the time of her sexual encounters with Plaintiff. Plaintiff moved for and was granted a new trial in 2019. In July 2020, the charges against him were dismissed.

Plaintiff asserts four § 1983[4] claims against Defendant Binet pursuant to the Fourth and Fourteenth Amendments for false arrest, malicious prosecution and/or unreasonable seizure, fabrication of evidence, and fraudulently obtaining an arrest warrant. Plaintiff also brings a municipal liability claim against Denver.

The Denver Defendants move to dismiss the Complaint in its entirety.

---

[3] Unless otherwise noted, all allegations are taken from Plaintiff's Complaint (Dkt. #1) and are presumed to be true for the purposes of this motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[4] Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

## **ANALYSIS**

**I. The False and Arrest and Fraudulent Obtaining of an Arrest Warrant Claims**

The Denver Defendants first argue that Plaintiff's Fourth Amendment false arrest and fraudulent obtaining of an arrest warrant claims are time-barred. The Court agrees.

Congress did not provide a statute of limitations for actions brought under § 1983." *Herrera v. City of Espanola*, 32 F.4th 980, 989 (10th Cir. 2022). Therefore, federal courts "look[ ] to the law of the forum state to determine the applicable statute of limitations for a § 1983 action," which typically entails "looking toward the state statute of limitations for personal injury claims." *Id.* In Colorado, personal injury claims must be filed within two years of the date of accrual. *Gosselin v. Kaufman*, 656 F. App'x 916, 919 (10th Cir. 2016); Colo. Rev. Stat. § 13-80-102. However, the date of accrual is determined by federal law. *Gosselin*, 656 F. App'x at 919. Under federal law, "[a] claim of false imprisonment accrues when the alleged false imprisonment ends." *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013). "The false imprisonment ends . . . when the victim is released or when the victim's imprisonment becomes pursuant to legal process—when, for example, he is bound over by a magistrate or arraigned on charges." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir.2008) (internal citations, quotations, and alterations omitted). The date legal process was instituted is the accrual date where, as is the case here, the plaintiff was not released, "because it is the institution of legal process (i.e., when he is bound over for trial or is arraigned on the charges) that justifies his continued detention." *Heter v. City of Hutchinson, Kan.*, 851 F. App'x 874, 876 n.3 (10th Cir. 2021).

"[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (quoting A*ldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

Here, the Complaint contains information which clearly establishes that Plaintiff was tried and convicted in 2011, meaning that constitutional claims arising from his arrest accrued, at the latest, in 2013. And even if Plaintiff were to argue (again, he did not file a response to the Motion to Dismiss) that his claims accrued only after he was released from custody, his release occurred in October 2019, and this lawsuit was not filed until July 2022. Thus, Plaintiff's false arrest and fraudulent obtaining of an arrest warrant claims are time-barred and should be dismissed under Rule 12(b)(6).

**II. The Malicious Prosecution and Fabrication of Evidence Claims**

Because malicious prosecution and fabrication of evidence claims accrue once the underlying criminal proceedings have been resolved in the plaintiff's favor, *see McDonough v. Smith*, 139 S. Ct. 2149, 2154–56 (2019), and Plaintiff's charges were dismissed on either July 14 or July 27, 2020, these claims are not subject to dismissal under the statute of limitations. However, the Denver Defendants argue that they should be dismissed because they fail to state a claim under Rule 12(b)(6). Again, the Court agrees.

To state a claim of malicious prosecution under § 1983, a plaintiff must allege that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported

7

the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Carbajal v. McCann*, 808 F. App'x 620, 630 (10th Cir. 2020).

To plausibly plead malice, Plaintiff must allege that Defendant Binet acted either "knowingly" or with "reckless disregard for the truth." *Moses-El v. City & Cnty. of Denver*, No. 20-1102, 2022 WL 1741944, at *9 (10th Cir. May 31, 2022). Plaintiff alleges that "[t]hrough [Defendant Binet's] investigation, . . . there was significant reason to doubt KW's listed age" because she was a "refugee applicant" who had "incentive to fabricate her age," and she did not have a birth certificate or other reliable document showing her age. However, it is undisputed that KW's refugee application listed her as a minor, and the high school where KW was enrolled as a minor was responsible for contacting police when KW reported that she was pregnant. KW herself also apparently informed Defendant Binet that she was 15 years old the first time she and Plaintiff had sex. While Plaintiff faults Defendant Binet for not establishing KW's age "through competent reliable evidence," "[t]he failure to investigate a matter fully, to 'exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence' rarely suggests a knowing or reckless disregard for the truth. To the contrary, it is generally considered to be token negligence 'at most.'" *Beard v. City of Northglenn, Colo.*, 24 F.3d 110, 116 (10th Cir. 1994) (internal citations and emphasis omitted) (quoting *United States v. Dale*, 991 F.2d 819, 844 (D.C. Cir. 1993)). The Court is doubtful the Complaint's allegations would even support a finding that Defendant Binet acted negligently, much less maliciously. He is entitled to qualified immunity on this claim and it should be dismissed.

Similarly, to state a claim based on the alleged fabrication of evidence under either the Fourth or Fourteenth Amendment, Plaintiff must show that Defendant Binet *knowingly* fabricated evidence or made false statements. *See Marshall v. Dix*, No. 21-cv-01971-NYW-STV, 2022 WL 16924019, at *13 (D. Colo. Nov. 14, 2022); *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996). There are no allegations that Defendant Binet fabricated the evidence showing that KW was a minor, such as the refugee application, KW's high school enrollment, or the statements made during her interview. And Plaintiff does not plausibly allege that Defendant Binet knew or should have known that KW was over the age of eighteen. As the Denver Defendants point out, Plaintiff had to hire an investigator in Africa to obtain KW's birth certificate. There is no indication that Defendant Binet had access to this evidence during his investigation. Accordingly, this claim should also be dismissed.

### III. The Municipal Liability Claim

Finally, the Court recommends dismissal of Plaintiff's municipal liability claim.

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (footnote omitted). To state a claim for municipal liability, Plaintiff must plausibly allege the existence of a municipal policy or custom and a causal link between the policy or custom and the injury alleged. *See Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015). He must also "show that the policy was enacted or maintained with deliberate indifference to an almost inevitable

9

constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). A municipality can be liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Monell*, 436 U.S. at 690–91. Thus, to prove a municipality is liable under § 1983 for the acts of one of its employees, a plaintiff must show (1) that a municipal employee committed a constitutional violation and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation. *Jiron v. City of Lakewood,* 392 F.3d 410, 419 (10th Cir. 2004).

> An official policy or custom may take one of the following forms:
>
> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions – and the basis for them – of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotation and alteration marks omitted).

> Whatever species of policy or custom is alleged,
>
> [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original).

Also, at least for claims of inadequate hiring, training, or other supervisory practices, the Tenth Circuit has explained,

> a plaintiff "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Brown*, 520 U.S. at 407. "'Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action,'" *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Brown*, 520 U.S. at 410) (internal quotation marks and brackets omitted), as "[a] less stringent standard of fault for a failure-to-train claim 'would result in de facto respondeat superior liability on municipalities,'" *id.* at 62 (quoting *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)). "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). "In most instances, notice can be established by proving the existence of a pattern of tortious conduct." *Id.* Deliberate indifference "may be found absent a pattern of unconstitutional behavior" only in "a 'narrow range of circumstances'" where "a violation of federal rights is a 'highly predictable' or 'plainly obvious' consequence of a municipality's action or inaction." *Id.* at 1307–08 (quoting *Brown*, 520 U.S. at 409).

*Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019).

Plaintiff's failure to plausibly allege that Defendant Binet committed an underlying constitutional violation is fatal to his municipal liability claim. Moreover, a party asserting a *Monell* claim must, *at a minimum*, plead sufficient facts to identify the unconstitutional custom or policy that was promulgated and the means by which that custom or policy caused the constitutional violation. In other words,

> [t]he plaintiff cannot simply allege that there is a policy in place, but, rather, must plead facts that, if true, would give rise to a plausible inference that such a policy exists. With formal or written policies, satisfying this pleading standard is easy; the plaintiff can simply allege what the policy is and where it is codified. With informal, unwritten policies, customs, or practices, the plaintiff can plead either a pattern of multiple similar instances of misconduct—no set number is required, and the more unique the misconduct is, and the more similar the incidents are to one another, the smaller the required number will be to render the alleged policy plausible—

11

> or use other evidence, such as a police officers' statements attesting to the policy's existence. The Tenth Circuit has not explicitly held that to be pleading requirements, but they have implied that district courts should analyze policies, practices, or customs under *Monell* as "legal conclusions" at the pleading stage—must evidence factual support, rather than conclusorily alleged—and not "facts" in and of themselves, to be taken as true at face value.

*Abila v. Funk*, No. CV 14-1002 JB/SMV, 2016 WL 9021834, at *17 (D.N.M. Dec. 14, 2016). Here, the allegations in the Complaint regarding unconstitutional customs or policies maintained by Denver are entirely conclusory. Denver is entitled to dismissal of Plaintiff's *Monell* claim.

## RECOMMENDATION

It is hereby **RECOMMENDED** that the Denver Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #27) be **GRANTED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse***,**

12

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:       April 5, 2023
             Denver, Colorado                        _____
                                                     N. Reid. Neureiter
                                                     United States Magistrate Judge